IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA REED and M.S., by and through her mother and next friend, ERICA REED | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 24-166-KD-MU |
| GLENSIRRES SPENCER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 6), Defendants Glensirres Spencer and Mike Gartman Transfer Service, Inc.'s Response in Opposition (Doc. 9), and Plaintiff's reply (Doc. 10). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case, the undersigned recommends that Plaintiff's motion to remand be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Mobile County, Alabama for the reasons set forth below.

## **I. Background**

On April 19, 2024, Plaintiffs filed a complaint against Defendants Glensirres Spencer and Mike Gartman Transfer Service, Inc. in the Circuit Court of Mobile County, Alabama seeking compensatory and punitive damages due to injuries they suffered in a motor vehicle crash with a tractor trailer driven by Spencer and owned by Mike Gartman Transfer Service. (Doc. 1-4). In the complaint, Plaintiffs allege four counts against

Defendants: (1) negligence/wantonness, (2) negligent/wanton entrustment, (3) vicarious liability, and (4) negligent/wanton hiring, training, retention, supervision. (*Id.*). In addition, Plaintiffs have each alleged injuries and damages including but not limited to the following: (a) physical injuries to their bodies, (b) past and future pain and suffering, (c) past and future medical bills, costs, and expenses, (d) past and future lost wages and loss of the ability to earn income, (e) out of pocket expenses other than medical expenses, and (f) past and future mental anguish and emotional distress. (*Id.*) Plaintiffs' complaint does not seek a specific amount of damages.

Defendants filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, removing the action to this Court on May 23, 2024. (Doc. 1). The notice states that Mike Gartman Transfer Service was served on April 26, 2024, and while the state court records do not reflect service on Spencer, he acknowledges he was served on or about April 26, 2024. (*Id*. at PageID.2-3). In the notice of removal, Defendants allege that removal is proper pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. (*Id*. at PageID.3-4). Plaintiffs moved to remand this case on June 20, 2024, on the ground that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 6).

## II. Legal Analysis

Because Defendants have removed this case to federal court, they have the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Davidson v. Liberty Mut. Ins. Co.*, CA 16-0516-KD-C, 2016 WL 7428220, *5 (S.D. Ala. Dec. 8, 2016). Federal courts, being of limited jurisdiction,

must "proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971), *quoted in Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "**all doubts about jurisdiction should be resolved in favor of remand to state court**." *Univ. of S. Ala.*, 168 F.3d at 411 (emphasis added); *see also Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to be resolved in favor of returning the case to state court). Defendants claim in this case that federal jurisdiction is proper on the basis of diversity of citizenship. (Doc. 1). Therefore, Defendants bear the burden of establishing that Plaintiffs are diverse from Defendants and proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Williams*, 269 F.3d at 1319; *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

In this case, because diversity of the parties is not at issue, the question presented is whether Defendants have met their burden of proving that the amount in controversy exceeds the jurisdictional limit. Plaintiffs' complaint does not seek a specific amount of damages. (*See* Doc. 1-4). The Complaint also does not set forth any specific amount of medical expenses, lost wages, or any other special damages. (*Id.*). In a case in which the complaint does not set forth a specific amount of damages, removal is proper if the requisite amount in controversy is "facially apparent from the complaint." *Williams,* 269 F.3d at 1319. If the amount in controversy is not facially apparent, the court may look to

the notice of removal and to evidence submitted that is relevant to the amount in controversy at the time the case was removed. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation…" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). A court may consider "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" when addressing amount in controversy. *Id.* at 754.

Additionally, in general "[s]ection 1332(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold, and the claims of at least one of the individual plaintiffs must exceed the amount in controversy threshold for the court to assert jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) (citation omitted). *See also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) ("Generally, if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction.").

The amount in controversy for this case is not facially apparent from the complaint; therefore, the Court must look to the notice of removal and other evidence submitted to determine if the amount in controversy is met. As evidence to support their argument that the amount in controversy exceeds $75,000, Defendants have submitted an email sent by Plaintiffs' counsel to Defendants' insurer the same day suit was filed demanding the Defendants' policy limits. (Doc. 9-1). Defendants note that at the time the demand was

made, Plaintiff's counsel, as an experienced litigator, "would have been aware that a commercial carrier, such as Mike Gartman Transfer Service, Inc., is required to hold a minimum of $750,000 in liability insurance pursuant to the Federal Motor Carrier Safety Administration regulations." (Doc. 9, PageID.101). As further evidence regarding the amount in controversy, Defendants have submitted the Alabama Uniform Traffic Crash Report from the incident, which lists Plaintiff Erica Reed as a victim in the crash who was transported by ambulance to Springhill Medical Center for treatment of her injuries. (Doc. 9-3). Based on this evidence, Defendants argue that "the policy limits demand email when coupled with the allegations of the Plaintiffs' Complaint and the evidence in the Alabama Uniform Traffic Crash Report" demonstrate that the jurisdictional amount is met. (Doc. 9, PageID.103). However, the undersigned disagrees with this conclusion.

First, the Court finds that Plaintiffs' policy limits demand does not establish an amount in controversy over $75,000. While the email relied upon by Defendants can constitute an "other paper" to support jurisdiction within the meaning of 28 U.S.C. § 1446(b), *see Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 n.62 (11th Cir. 2007), the question remains whether this paper in this case establishes the amount in controversy by a preponderance of the evidence. The Court recognizes that settlement offers can be used as an element to prove the amount in controversy:

> "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information … to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).

5

*Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Thus, although the demand email "counts for something," and the Court agrees that Plaintiffs' counsel was likely aware that a commercial carrier's policy limits were required to be at least $750,000, that figure alone is not determinative or dispositive. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. July 31, 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." (footnote omitted)). This is especially true when the settlement demand is generalized and unspecific, as is the case here, where there was no information other than the attached complaint to support the demand contained in the email.[1] *See Id*. (*See* Doc. 9-1). Accordingly, the Court finds that Plaintiffs' bald demand, without more, was mere posturing. *See Id*. at 1282-83.

Second, without more evidence regarding her injuries, the Court will not infer from the fact that one of the Plaintiffs was taken to the hospital that her damages more likely than not meet the jurisdictional minimum. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20; *Burns*, 31 F.3d at 1097. Although courts are allowed to assess a plaintiff's claim based on their judicial experience and common sense, *see Rachel v. PNC Bank, N.A.,* Civ. A. 16-00351-KD-MU, 2017 WL 1362034, at *2-3 (S.D. Ala. Apr. 10, 2017), it is impermissible

---

[1] The entire substance of the demand email states: "Attached is the complaint just filed on behalf of Erica Reed and her daughter. I'd like to start a dialogue to see if this is one we can resolve. To initiate that conversation, I will make policy limits demands for both clients." (Doc. 9-1).

for courts to speculate on the amount in controversy, *see Lowery v. Alabama Power Co.*, 483 F.31184, 1209, 1215 (11th Cir. 2007).

No evidence, other than the generic statements contained in the complaint, has been presented regarding the type or extent of Plaintiff Reed's injuries. Notably, the crash report also lists two uninjured occupants, which includes the minor Plaintiff, M.S. (Doc. 9-3, PageID.121). This raises the possibility that the crash may not have been as serious as Defendants argue it must have been, if the other occupants in Plaintiff Reed's vehicle were noted as uninjured. The undersigned's judicial experience and common sense indicate it is entirely possible that Plaintiff Reed went to the hospital and found that her injuries did not require any extensive medical treatment. The Court declines to speculate as to the severity of Plaintiff Reed's injuries and the amount of damages she may have incurred related to those injuries based on the very limited information before the Court.[2]

Third, because there is no indication what the compensatory damages may be in this case, it is likewise impossible for the Court to accurately estimate the amount of punitive damages at issue here. Further, the mere fact that Plaintiffs seek punitive damages is not dispositive evidence to support Defendants' assertion that the amount in controversy exceeds $75,000. "While a request for punitive damages does not automatically establish the amount-in-controversy, a court may properly consider punitive damages in the evaluation of whether a defendant has shown that the amount-in-controversy is satisfied." *Fox v. Winn-Dixie Montgomery, LLC,* Civ. A. No. 21-00306-CG-B, 2021 WL 4484564, at *6 (S.D. Ala. Sept. 13, 2021) (quoting *Hogan v. Mason,* Civ. A.

---

[2] The crash reports also states that Plaintiff Erica Reed was driving a 2005 Honda Accord. (Doc. 9-3, PageID.120). As a result, the Court notes it is unlikely that the cost of damage to the vehicle will be a substantial part of Plaintiff Reed's claim.

No. 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017)). "But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Id*. (quoting *Lambeth v. Peterbilt Motors Co.,* Civ. A. No. 12-0169-WS-N, 2012 WL 1712692, at *4 (S.D. Ala. May 15, 2012)).

Defendants' reliance on Plaintiffs' claims seeking punitive damages to support their assessment of the amount in controversy has little to support it. There is no indication in the complaint of the severity of injuries, the amount of compensatory damages, or the egregiousness of Defendants' conduct, and the limited evidence submitted by Defendants (i.e., the bald demand email and the crash report) does not support this argument. It would be highly speculative on this Court's part to find that the amount in controversy exceeds the jurisdictional limit of $75,000 under these circumstances. Keeping in mind the directive that "all doubts about jurisdiction should be resolved in favor of remand to state court," *see Univ. of S. Ala.*, 168 F.3d at 411, the Court finds here that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Finally, Defendants fault Plaintiffs for their failure to stipulate or limit their damages to an amount under the $75,000 jurisdictional threshold. (Doc. 9, PageID.109-08). However, courts in this Circuit have been critical of such an argument as it is an improper burden shifting mechanism. *See Banks v. VSS Transportation Grp., Inc.,* No. 2:22-CV-00668-NAD, 2022 WL 13743106, at *4 (N.D. Ala. Oct. 21, 2022) (Discussing that refusal to stipulate is not dispositive, stating "[t]hat rule makes sense because it is the removing defendant that must carry the burden of proving the amount in controversy (by a

preponderance of the evidence), and not the plaintiff seeking remand."). "While the lack of such a disavowal or stipulation is probative of the amount in controversy, it is not dispositive." *Id.* According to the Eleventh Circuit, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a removing defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). There is a long line of precedent in this Circuit affording little probative weight to a plaintiff's failure to stipulate as to the amount in controversy. *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367, n. 1 (S.D. Ala. 2018). As a result, the Court similarly does not find Plaintiffs' failure to stipulate as to their damages dispositive of the amount in controversy here, nor does its probative value weigh in favor of finding the jurisdictional amount is met.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that Plaintiffs' motion to remand (Doc. 6) be **GRANTED,** and that this action be transferred back to the Circuit Court of Mobile County, Alabama.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C.

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **31st** day of **July, 2024**.

s/P. BRADLEY MURRAY<br>
UNITED STATES MAGISTRATE JUDGE